SUN BUILDING AND LOAN ASSOCIATION, a corporation of New Jersey, complainant,

v.

REBECCA GROSS et al., defendants.

[Decided March 10th, 1932.]

*Mr. Philip J. Schotland,* for the complainant.

*Messrs. Lum, Tamblyn & Colyer,* for the defendant Ida Gross.

CHURCH, V. C.

The facts in this case appear to be as follows:

This is a suit to foreclose two mortgages made by Rebecca Gross and Louis Gross, her husband, to the complainant, Sun Building and Loan Association. One mortgage was made May 15th, 1928, on property 103 Quitman street, Newark, New Jersey, to secure a loan of $9,500. The other mortgage was made December 18th, 1928, on property 79 Vassar avenue, Newark, New Jersey, to secure a loan of $21,000. Both mortgages were accompanied by bonds, signed by Rebecca Gross and Louis Gross.

There is no dispute either as to the amounts due or the rights of complainant to foreclose its mortgages. Defendant Rebecca Gross has allowed a decree *pro confesso* to be taken against her. Louis Gross, the other maker of the bonds and mortgages, died in February, 1931. The litigation is caused by a covenant of assumption in a deed dated March 28th, 1930, whereby Rebecca Gross and Louis Gross transferred both pieces of property involved in this suit to their daughter, Ida Gross. The deed is a bargain and sale deed with full covenants of warranty for a stated consideration of $1, and contains this clause:

"These conveyances are made subject to all mortgage liens of record and municipal assessments, the payment of which the party of the second part hereby assumes."

The deed was duly acknowledged and recorded on March 31st, 1930.

When the complainant started its suit to foreclose in July, 1931, the search disclosed this deed. Complainant, therefore, made Ida Gross a party to its suit, alleging in the bill that any interest she might have by virtue of the deed was subject to complainant's mortgages. Complainant also caused a

subpœna and ticket to be served on Ida Gross, and in said ticket set forth that she was made a party because she had "assumed the payment of the complainant's two mortgages, being sued upon, and also the holder of the equity of redemption in the premises mentioned and described in the bill." This was the fact, according to the records.

Ida Gross filed an answer and counter-claim, wherein she claimed the deed to her was made by her mother and father as a fraud on her mother's creditors, without consideration, without Ida Gross' knowledge or consent, as a mere pretense, and that she never accepted title, nor possession, of the property, and was not bound by the assumption clause. She prayed in her counter-claim that the deed to her should be held void and that she be decreed not liable to complainant on the mortgage debts.

Complainant says that the issue raised in the counter-claim is foreign to this suit. I do not think so. In *Green* v. *Stone, 54 N. J. Eq. 387,* Mr. Justice Depue, speaking for the court of errors and appeals, says:

"On a bill filed by a mortgagee to enforce the assumption of the mortgage debt by the grantee of the mortgagor, the defense that the assumption clause was improperly inserted in the deed should be made by a cross-bill, and the grantor, or his personal representatives in case of his death, should be made parties to such cross-bill."

The remaining question to decide then is, did Ida Gross accept this deed which includes the above-mentioned assumption clause. As far as the evidence shows, she did not. It was made without her knowledge or consent. About a year after its making, a rent check made out to her was presented for her signature. This she refused to do. She has never exercised any dominion over the property. The lease on the property was made in the name of Rebecca Gross, as landlord. All rent checks were made to Louis Gross except one made to Ida which she refused to sign and which was endorsed by her sister Sarah.

I conclude that Ida knew nothing about the transfer of the property to her until it was brought to her attention at

or about the time of the rent check incident above referred to, and that she then repudiated ownership. There can be no acceptance of a deed against the will and without the knowledge of the grantee. *Rennebaum* v. *Rennebaum, 78 N. J. Eq. 427; affirmed, 79 N. J. Eq. 654.*

I will advise a decree pursuant to the prayer of the counter-claim.